UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

JASON DAY,                          :

     Plaintiff,                     :
                                   PRISONER
V.                                  :   Case No. 3:09-CV-254 (RNC)

DANIEL BANNISH, ET AL.,             :

     Defendants.                    :

ORDER

    Plaintiff, a Connecticut inmate proceeding pro se and in forma pauperis, brings this action against personnel of the Connecticut Department of Correction.  The amended complaint alleges that prison officials have been deliberately indifferent to a chronic infection, which was first diagnosed in 2007 and has continued to spread, causing painful ulcers on his leg and buttocks.  He alleges that the medication he is taking to combat the infection has worsened his diabetes and heart condition. The amended complaint also includes several claims unrelated to the chronic infection.  These claims allege denial of access to courts, denial of due process and unequal treatment.

    After careful review, the Court has determined that, under the three strikes provision of 28 U.S.C. § 1915(g), plaintiff's in forma pauperis status must be revoked with regard to the claims in the amended complaint other than the claim alleging deliberate indifference to serious medical needs.  In order to proceed with these other claims, plaintiff will have to pay the

standard filing fee of $350.00 on or before September 20, 2009.
In addition, the Court has determined that plaintiff's deliberate
indifference claim must be dismissed for failure to state a claim
upon which relief may be granted.  Accordingly, the entire action
will be dismissed unless plaintiff pays the required filing fee.

Under 28 U.S.C. § 1915(g), in forma pauperis status may not
be granted to a prisoner in a civil action if the prisoner has,
on three or more prior occasions, while incarcerated or detained,
brought an action or appeal in a court of the United States that
was dismissed because it was frivolous, malicious, or failed to
state a claim upon which relief could be granted, unless the
prisoner is under imminent danger of serious physical injury.
The imminent danger exception provides "a safety valve for the
'three-strikes' rule."  Malik v. McGinnis, 293 F.3d 559, 562-63
(2d Cir. 2002)(quoting Abdul-Akbar v. McKelvie, 239 F.3d 307, 315
(3rd Cir. 2001)(en banc)(internal quotation marks omitted).  It
"permit[s] an indigent three-strikes prisoner to proceed IFP in
order to obtain a judicial remedy for an imminent danger."
Pettus v. Morgenthau, 554 F.3d 293, 297 (2d Cir. 2009).
Accordingly, a three-strikes litigant may proceed in forma
pauperis if (1) the imminent danger of serious physical injury he
alleges is fairly traceable to unlawful conduct alleged in the
complaint and (2) a favorable judicial outcome would redress the
injury.  See id. at 296-97.  The three-strikes litigant may not

2

proceed in forma pauperis unless both requirements are met.  Id. at 298-99.

Plaintiff is subject to the three strikes provision because he has filed more than three actions in this Court that were dismissed on the grounds that they were legally frivolous or failed to state a claim on which relief could be granted.  See Day v. Meachum, 3:93-cv-2420(AVC)(dismissed December 2, 1993); Day v. Armstrong, 3:95-cv-1449(DJS)(dismissed November 30, 1995); Day v. Keefe Supply Co., 3:95-cv-2772(AHN)(dismissed September 10, 1996); Day v. Nash, 3:96-cv-103(GLG)(dismissed July 10, 1996); Day v. Meachum, 3:96-cv-2178(PCD)(dismissed June 4, 1997). Accordingly, he must pay the standard filing fee for this case unless his complaint alleges that he is in imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).

The allegations of the amended complaint concerning the plaintiff's infection provide a sufficient basis for finding that the imminent danger exception applies to his deliberate indifference claim.  See Ibrahim v. District of Columbia, 463 F.3d 3, 7 (D.C. Cir. 2006)("serious physical injury" in three strikes provision includes "disease that could result in serious harm").  However, plaintiff has not alleged – and cannot plausibly allege – that his other claims involve unlawful conduct creating an imminent risk of serious physical injury.  As to these claims, therefore, plaintiff's in forma pauperis status

3

must be revoked.[1]

This leaves for consideration the sufficiency of the deliberate indifference claim.  Under 28 U.S.C. § 1915A, a court must review prisoner civil complaints against governmental actors "as soon as practicable after docketing," and "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief."  Plaintiff's deliberate indifference claim must be dismissed under this section because it fails to state a claim on which relief may be granted.

The deliberate indifference standard requires that a prison official know of and disregard an excessive risk to inmate health or safety.  See Johnson v. Wright, 412 F.3d 398, 403 (2d Cir. 2005).  To adequately allege a claim of deliberate indifference, therefore, a prisoner must allege an act or failure to act that evinces a conscious disregard of a substantial risk of serious harm.  See Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996).

Crediting the allegations of the amended complaint, and construing them liberally in favor of the plaintiff, they fail to show that any of the named defendants has been deliberately

---

[1]   See Norwood v. Radtke, No. 07-C-446-C, 2007 WL 5541973, at *5 (W.D. Wis. Aug. 22, 2007)(granting in part and denying in part plaintiff's request to proceed in forma pauperis); Matthews v. United States, 72 Fed. Cl. 274, 278, 281 (Fed. Cl. 2006)(same).

indifferent to a risk to plaintiff's health relating to the
infection.  The allegations show that the plaintiff has received
treatment for the infection.  In May 2008, he spent six days at
the University of Connecticut Health Center where his leg
infection was treated with a calamine wrap and he was given
Percocet, Zinc supplements and multivitamins.  According to the
original complaint in this action, the infection healed in
response to this treatment.  In June 2008, the infection moved
from the plaintiff's leg to his buttocks.  Doctors took a culture
of the infection that came back negative.  In November 2008, in
response to plaintiff's request for medical attention, his leg
was X-rayed.  Since 2000, he has been prescribed Motrin for pain.
He was recently examined by Dr. Ruiz in response to a grievance
requesting stronger pain medication.  Dr. Ruiz determined that
Motrin remains appropriate.

Plaintiff has attached copies of medical records to both his
original and amended complaints.  These documents confirm that he
has received regular medical treatment for his infection.  At
varying times, he has received Augmentin to prevent a bacterial
infection, Lasix to drain the infection, Levaquin to kill
infection-causing bacteria, prescription strength cream for his
toes and leg, as well as Metformin for his diabetes and Norvasc
for his high blood pressure.

Plaintiff's allegations show that is not satisfied with the

medical treatment he has received.  He believes he should have been given ultrasound and MRI examinations in the past and should now be given a stronger pain medication than Motrin.  His dissatisfaction does not provide a basis for a constitutional claim.  It is well-established that a difference of opinion between a prisoner and his treating physician is insufficient to support a claim of deliberate indifference in violation of the Eighth Amendment.  See Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998); Hyde v. McGinnis, 429 F.2d 864, 867-68 (2d Cir. 1970).

Accordingly, plaintiff's in forma pauperis status is hereby revoked with regard to all claims in the amended complaint other than the deliberate indifference claim and that claim is dismissed for failure to state a claim on which relief may be granted.

Plaintiff may proceed with the claims in the amended complaint other than the deliberate indifference claim if he pays the filing fee of $350 on or before September 20, 2009.  If the filing fee is not paid, the action will be dismissed.

So ordered this 20th day of August 2009.


_/s/ RNC_____
        Robert N. Chatigny
        United States District Judge


6